1  Thomas C. Hurrell, State Bar No. 119876
   E-Mail: thurrell@hurrellcantrall.com
2  Mariam Kaloustian, State Bar No. 236702
   E-Mail: mkaloustian@hurrellcantrall.com
3  Angela Y Park, State Bar No. 287315
   E-Mail: anyoung@hurrellcantrall.com
4  HURRELL CANTRALL LLP
   300 South Grand Avenue, Suite 1300
5  Los Angeles, California 90071
   Telephone: (213) 426-2000
6  Facsimile: (213) 426-2020

7  Attorneys for Defendants, COUNTY OF LOS ANGELES and SHERIFF JOHN
   SCOTT

8

9                  UNITED STATES DISTRICT COURT

10      CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

11

12  DAVE BETKEY,                        CASE NO. CV16-5863-DMG (AGRx)

13          Plaintiff,                  **PROTECTIVE ORDER**

14      v.

15  COUNTY OF LOS ANGELES;              [Assigned to Judge Dolly M Gee
    SHERIFF JOHN SCOTT; and DOES 1-     Courtroom "7"]
16  30, inclusive,

17          Defendants.

18

19

20

21  I.    <u>**PURPOSES AND LIMITATIONS**</u>

22          Discovery in this action is likely to involve production of confidential,

23  proprietary, or private information for which special protection from public

24  disclosure and from use for any purpose other than prosecuting this litigation may

25  be warranted.  Accordingly, the parties hereby stipulate to and petition the Court to

26  enter the following Stipulated Protective Order.  The parties acknowledge that this

27  Order does not confer blanket protections on all disclosures or responses to

28  discovery and that the protection it affords form public disclosure and use extends

only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

### A.    GOOD CAUSE STATEMENT

This action is likely to involve peace officer information including: addresses and telephone numbers of County of Los Angeles ("COLA") employees, employee and personnel records, internal affairs and administrative investigation reports and materials, and all materials that constitute or embody personnel records and/or materials that are entitled to privileges under applicable laws, including the official information privilege, statutes, case decisions, or common law, or information otherwise generally unavailable to the public.  Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonably necessary uses of such material in preparation for an in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter.  It is in the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public matter, and there is good cause why it should not be part of the public record of this case.

Since the same law firms are involved in the state action, *Goran v. County of Los Angeles*, which has similar issues and documents, it is agreed discovery in this action may be used in the *Goran* case subject to the terms of this Stipulation and Protective Order, and any protective order entered into in the *Goran* case.  Plaintiff

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

1  shall execute the attached Acknowledgement and Agreement to be Bound,
2  indicating his understanding of the terms of the instant protective order and
3  agreement to have discovery pertaining to him used in the *Goran* matter.

4  **II.**   **DEFINITIONS**

5       2.1   <u>Action</u>:  this pending federal lawsuit.

6       2.2   <u>Challenging Party</u>: a Party or Non-Party that challenges the designation
7  of information or items under this Order.

8       2.3   <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of
9  how it is generated, stored or maintained) or tangible things that qualify for
10 protection under Federal Rule of Civil Procedure 26(c), as specified above in the
11 Good Cause Statement.

12      2.4   <u>Counsel</u>:  Outside Counsel of Record and House Counsel (as well as
13 their support staff).

14      2.5   <u>Designating Party</u>: a Party or Non-Party that designates information or
15 items that it produces in disclosures or in responses to discovery as
16 "CONFIDENTIAL."

17      2.6   <u>Disclosure or Discovery Material</u>:  all items or information, regardless
18 of the medium or manner in which it is generated, stored, or maintained (including,
19 among other things, testimony, transcripts, and tangible things), that are produced or
20 generated in disclosures or responses to discovery in this matter.

21      2.7   <u>Expert</u>: a person with specialized knowledge or experience in a matter
22 pertinent to the litigation who has been retained by a Party or its counsel to serve as
23 an expert witness or as a consultant in this Action.

24      2.8   <u>House Counsel</u>: attorneys who are employees of a party to this Action.
25 House Counsel does not include Outside Counsel or Record or any other outside
26 counsel.

27      2.9   <u>Non-Party</u>: any natural person, partnership, corporation, or association,
28 or other legal entity not named as a Party to this action.

H<small>URRELL</small> C<small>ANTRALL</small> LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

2.10   Outside Counsel of Record: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

2.11   Party: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12   Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.13   Professional Vendors: persons or entities that provide litigation support services (e.g. photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, ore retrieving data in any form or medium) and their employees and subcontractors.

2.14   Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.15   Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

## III.   SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by parties or their Counsel that might reveal Protected Material.

However, this Stipulation and Order does not apply to items in discovery produced in any other litigation, without a confidentiality or protective order, or otherwise available to the general public outside of discovery, e.g., produced in court documents in other lawsuits, or in the media.

Any use of Protected Material at trial shall be governed by the orders of the

-4-

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

1  trial judge.  This Order does not govern the use of Protected Material at trial.

2  **IV.**   **DURATION**

3        Even after final disposition of this litigation, the confidentiality obligations

4  imposed by this Order shall remain in effect until a Designating Party agrees

5  otherwise in writing or a court order otherwise directs.  Final disposition shall be

6  deemed to be the later of (1) dismissal of all claims and defenses in this Action and

7  the *Goran* case, with or without prejudice; and (2) final judgment herein after the

8  completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of

9  this Action and the *Goran* case, including the time limits for filing any motions or

10  applications for extension of time pursuant to applicable law.

11        Nothing in this stipulation grants Counsel the right to waive any privileges or

12  rights to confidentiality held by COLA or any current or former employee of

13  COLA; likewise, nothing in this stipulation is to be deemed as a waiver of any

14  governmental privilege or protected information to which plaintiff may have access

15  in light of his former or current position with COLA.

16  **V.**   **DESIGNATING PROTECTED MATERIAL**

17        5.1   Exercise of Restraint and Care in Designating Material for Protection.

18  Each Party or Non-Party that designates information or items for protection under

19  this Order must take care to limit any such designation to specific material that

20  qualifies under the appropriate standards.  The Designating Party must designate for

21  protection only those parts of material, documents, items, or oral or written

22  communications that qualify so that other portions of the material, documents,

23  items, or communications for which protection is not warranted are not swept

24  unjustifiably within the ambit of this Order.

25        Mass, indiscriminate, or routinized designations are prohibited.  Designations

26  that are shown to be clearly unjustified or that have been made for an improper

27  purpose (e.g., to unnecessarily encumber the case development process or to impose

28  unnecessary expenses and burdens on other parties) may expose the Designating

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

1   Party to sanctions.

2    If it comes to a Designating Party's attention that information or items that it

3   designated for protection do not qualify for protection, that Designating Party must

4   promptly notify all other Parties that it is withdrawing the inapplicable designation.

5    5.2 <u>Manner and Timing of Designations</u>.  Except as otherwise provided in

6   this Order (see e.g., second paragraph of section 5.2(a) below), or as otherwise

7   stipulated or ordered, Disclosure or Discovery Material that qualifies for protection

8   under this Order must be clearly so designated before the material is disclosed or

9   produced.

10    Designation in conformity with this Order requires:

11    (a) for information in documentary form (e.g., paper or electronic documents,

12   but excluding transcripts of depositions or other pretrial or trial proceedings), that

13   the Producing Party affix at a minimum, the legend "CONFIDENTIAL" (hereinafter

14   "CONFIDENTIAL legend"), to each page that contains protected material.  If only a

15   portion or portions of the material on a page qualifies for protection, the Producing

16   Party also must clearly identify the protected portion(s) (e.g., by making appropriate

17   markings in the margins).   The "Confidential Legend" shall not block out or

18   obliterate any document.

19    A Party or Non-Party that makes original documents available for inspection

20   need not designate them for protection until after the inspecting Party has indicated

21   which documents it would like copied and produced. During the inspection and

22   before the designation, all of the material made available for inspection shall be

23   deemed "CONFIDENTIAL."   After the inspecting Party has identified the

24   documents it wants copied and produced, the Producing Party must determine which

25   documents it wants copied and produced, the Producing Party must determine which

26   documents, or portions thereof, qualify for protection under this Order.   Then,

27   before producing the specified documents, the Producing Party must affix the

28   "CONFIDENTIAL legend" to each page that contains Protected Material.  If only a

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) for testimony given in depositions that the Designating Party identify the Disclosure or Discovery Material on the record, before the close of the deposition all protected testimony.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL."   If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3   <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## VI.   <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

6.1   <u>Timing of Challenges</u>.   Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2   <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 et seq.

6.3   The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the Designating

1 Party has waived or withdrawn the confidentiality designation, all parties shall

2 continue to afford the material in question the level of protection to which it is

3 entitled under the Producing Party's designation until the Court rules on the

4 challenge.

5 **VII.   ACCESS TO AND USE OF PROTECTED MATERIAL**

6 7.1   Basic Principles.   A Receiving Party may use Protected Material that

7 is disclosed or produced by another Party or by a Non-Party in connection with this

8 Action only for prosecuting, defending, or attempting to settle this Action or the

9 *Goran* case.  Such Protected Material may be disclosed only to the categories of

10 persons and under the conditions described in this Order.  When this Action and the

11 *Goran* case have been terminated, a Receiving Party must comply with the

12 provisions of Section 13 below (FINAL DISPOSITION).

13 Protected Material must be stored and maintained by a Receiving Party at a

14 location and in a secure manner that ensures that access is limited to the persons

15 authorized under this Order.

16 7.2   Disclosure of "CONFIDENTIAL" Information or Items.  Unless

17 otherwise ordered by the court or permitted in writing by the Designating Party, a

18 Receiving   Party   may   disclose   any   information   or   item   designated

19 "CONFIDENTIAL" only to:

20 (a) the Receiving Party's Outside Counsel or Record in this Action, as well as

21 employees of said Outside Counsel of Record to whom it is reasonably necessary to

22 disclose the information for this Action;

23 (b) the officers, directors, and employees (including House Counsel) of the

24 Receiving Party to whom disclosure is reasonably necessary for this Action;

25 (c) Experts (as defined in this Order) of the Receiving Party to whom

26 disclosure is reasonably necessary for this Action and who have signed the

27 "Acknowledgement and Agreement to Be Bound" (Exhibit A);

28 (d) the court and its personnel;

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

1  (e) court reporters and their staff;

2  (f) professional jury or trial consultants, mock jurors, and Professional

3  Vendors to whom disclosure is reasonably necessary for this Action and who have

4  signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

5  (g) the author or recipient of a document containing the information or a

6  custodian or other person who otherwise possessed or knew the information;

7  (h) during their depositions, witnesses, and attorneys for witnesses, in the

8  Action to whom disclosure is reasonably necessary provided: (1) the deposing party

9  requests that the witness sign the form attached as Exhibit 1 hereto; and (2) they will

10  not be permitted to keep any confidential information unless they sign the

11  "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise

12  agreed by the Designating Party or ordered by the court.  Pages of transcribed

13  deposition testimony or exhibits to depositions that reveal Protected Material may

14  be separately bound by the court reporter and may not be disclosed to anyone except

15  as permitted under this Stipulated Protective Order;

16  (i) any mediator or settlement officer, and their supporting personnel,

17  mutually agreed upon by any of the parties engaged in settlement discussions; and

18  (j) parties to this Action.

19  **VIII.  PROTECTED MATERIAL SUBPOENAED OR ORDERED**

20  **PRODUCED IN OTHER LITIGATION**

21  If a Party is served with a subpoena or a court order issued in other litigation

22  that compels disclosure of any information or items designated in this Action as

23  "CONFIDENTIAL," that Party must:

24  (a) promptly notify in writing the Designating Party.  Such notification shall

25  include a copy of the subpoena or court order;

26  (b) promptly notify in writing the party who caused the subpoena or order to

27  issue in the other litigation that some or all of the material covered by the subpoena

28  or order is subject to this Protective Order.  Such notification shall include a copy of

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

1  this Stipulated Protective Order; and

2      (c) cooperate with respect to all reasonable procedures sought to be pursued

3  by the Designating Party whose Protected Material may be affected.

4      If the Designating Party timely seeks a protective order, the Party served with

5  the subpoena or court order shall not produce any information designated in this

6  action as "CONFIDENTIAL" before a determination by the court from which the

7  subpoena or order issued, unless the Party has obtained the Designating Party's

8  permission.  The Designating Party shall bear the burden and expense of seeking

9  protection in that court of its confidential material and nothing in these provisions

10  should be construed as authorizing or encouraging a Receiving Party in this Action

11  to disobey a lawful directive from another court.

12  **IX.   A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE**

13      **PRODUCED IN THIS LITIGATION**

14      (a) The terms of this Order are applicable to information produced by a Non-

15  Party in this Action and designated as "CONFIDENTIAL."   Such information

16  produced by Non-Parties in connection with this litigation is protected by the

17  remedies and relief provided by this Order.  Nothing in these provisions should be

18  construed as prohibiting a Non-Party from seeking additional protections.

19      (b) In the event that a Party is required, by a valid discovery request, to

20  produce a Non-Party's confidential information in its possession, and the Party is

21  subject to an agreement with the Non-Party not to produce the Non-Party's

22  confidential information, then the Party shall:

23      (1) promptly notify in writing the Requesting Party and the non-Party

24  that some or all of the information requested is subject to a confidentiality

25  agreement with a Non-Party;

26      (2) promptly provide the Non-Party with a copy of the Stipulated

27  Protective Order in this Action, the relevant discovery request(s), and a reason

28  nable specific description of the information requested; and

-10-

1    (3) make the information requested available for inspection by the Non-

2    Party, if requested.

3    (c) If the Non-Party fails to seek a protective order from this court within 14

4    days of receiving the notice and accompanying information, the Receiving Party

5    may produce the Non-Party's confidential information responsive to the discovery

6    request.  If the Non-Party timely seeks a protective order, the Receiving Party shall

7    not produce any information in its possession or control that is subject to the

8    confidentiality agreement with the Non-Party before a determination by the court.

9    Absent a court order to the contrary, the Non-Party shall bear the burden and

10   expense of seeking protection in this Court of its Protected Material.

11   **X.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

12   If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

13   Protected Material to any person or in any circumstance not authorized under this

14   Stipulated Protective Order, the Receiving Party must immediately (a) notify in

15   writing the Designating Party of the unauthorized disclosures, (b) use its best efforts

16   to retrieve all unauthorized copies of the Protected Material, (c) inform the person or

17   persons to whom unauthorized disclosures were made of all the terms of this Order,

18   and (d) request such person or persons to execute the "Acknowledgment and

19   Agreement to Be Bound" that is attached hereto as Exhibit A.

20   **XI.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE**

21   **PROTECTED MATERIAL**

22   When a Producing Party gives notice to Receiving Parties that certain

23   inadvertently produced material is subject to a claim of privilege or other protection,

24   the obligations of the Receiving Parties are those set forth in Federal Rule of Civil

25   Procedure 26(b)(5)(B).    This provision is not intended to modify whatever

26   procedure may be established in an e-discovery order that provides for production

27   without prior privilege review.

28

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

## XII.   MISCELLANEOUS

12.1 Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2 Right to Assert Other Objections.  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the other material covered by this Protective Order.

12.3 Filing Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

## XIII.   FINAL DISPOSITION

After the final disposition of this Action, as defined in paragraph 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other formal reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any

of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4.

Any violation of this Order may be punished by monetary sanctions.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: November 1, 2016            THE LAW OFFICES OF GOLDBERG AND
                                   GAGE

                                   By:  /S/ Milad Sadr
                                        BRADLEY GAGE
                                        TERRY GOLDBERG
                                        MILAD SADR
                                        Attorneys for Plaintiff DAVE BETKEY

////

////

///

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

1    DATED: November 1, 2016      HURRELL CANTRALL LLP

2

3                                   By:   /S/ Mariam Kaloustian

THOMAS C. HURRELL

4                                     MARIAM KALOUSTIAN

ANGELA Y. PARK

5                                     Attorneys for Defendant COUNTY OF

LOS ANGELES and FORMER INTERIM

6                                     SHERIFF JOHN SCOTT

7

8

9

10   FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

11

12   DATED: November 3, 2016

13                                By:                                

14                                     HON. ALICIA G. ROSENBERG

UNITED STATES

15                                     DISTRICT/MAGISTRATE JUDGE

16

17

18

19

20

21

22

23

24

25

26

27

28

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

EXHIBIT 1

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____ [ date] in the case DAVE BETKEY V. COUNTY OF LOS ANGELES et al., Case No. 2:16-cv-05863-DMG-AGR.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.  I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.   I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000